UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |

_____/

**THIS DOCUMENT RELATES TO:**              JURY TRIAL DEMANDED
Douglas Moran
(Plaintiff Name(s))

**SHORT-FORM COMPLAINT**

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

  Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

    **I.**    **PARTIES, JURISDICTION, AND VENUE**

**A. PLAINTIFF(S)**

1. Plaintiff(s) Douglas Moran ("Plaintiff(s)") brings this action (check the applicable designation):

    ☑ On behalf of [*himself/herself*];

    ☐ In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) Douglas Moran .

- 1 -

2. Injured Party is currently a resident and citizen of (City, State) __Rochester, New York__ and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____. At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3. _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

**B. DEFENDANT(S)**

6. Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

   a. **Brand Manufacturers:**

   GlaxoSmithKline plc (UK); GlaxoSmithKline (America) Inc.; GlaxoSmithKline LLC

**b. Generic Manufacturers:**

Ajanta Pharma Ltd. (India); Ajanta Pharma USA Inc.; Amneal Pharmaceuticals LLC; Amneal Pharmaceuticals of New York, LLC; Apotex Inc. (Canada); Apotex Corporation; Appco Pharma LLC; Aurobindo Pharma, Ltd. (India); Aurobindo Pharma USA, Inc.; Auro Health LLC; Dr. Reddy's Laboratories SA (Switzerland); Dr. Reddy's Laboratories Inc.; Dr. Reddy's Laboratories, Ltd. (India); Glenmark Pharmaceuticals Ltd. (India); Glenmark Generics Ltd (India); Glenmark Pharmaceuticals, Inc., USA; Novitium Pharma LLC; Par Pharmaceutical Inc; Ranbaxy Inc.; Sandoz Inc.; Strides Pharma, Inc.; Sun Pharmaceutical Industries, Inc., f/k/a Ranbaxy Pharmaceuticals Inc.; Sun Pharmaceutical Industries Ltd. (India); Wockhardt, Ltd. (India); Wockhardt USA LLC; Wockhardt USA, Inc.

**c. Distributors:**

AmerisourceBergen Corporation; Cardinal Health, Inc.; Chattem, Inc., McKesson Corporation

**d. Retailers:**

Walgreen Co.; Duane Reade, Inc.; Walgreens Boots Alliance, Inc.

**e. Repackagers:**

Denton Pharma Inc. d/b/a Northwind Pharmaceuticals; Golden State Medical Supply, Inc.; Mylan Pharmaceuticals, Inc.; Mylan, Inc.; Mylan Institutional LLC; Mylan Laboratories Ltd. (India)

**f. Others Not Named in the MPIC:**

C. **JURISDICTION AND VENUE**

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

   New York Western District Court

8. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

   ☑ By prescription

   ☐ Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) __1990__ to __2020__.

## III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| | BLADDER CANCER | |
| | BRAIN CANCER | |
| | BREAST CANCER | |
| | COLORECTAL CANCER | |
| | ESOPHAGEAL/THROAT/NASAL CANCER | |
| | INTESTINAL CANCER | |
| | KIDNEY CANCER | |
| | LIVER CANCER | |
| | LUNG CANCER | |
| | OVARIAN CANCER | |
| | PANCREATIC CANCER | |
| ✓ | PROSTATE CANCER | 2018 |
| | STOMACH CANCER | |

|   | TESTICULAR CANCER |   |
|---|---|---|
|   | THYROID CANCER |   |
|   | UTERINE CANCER |   |
|   | OTHER CANCER: _____ |   |
|   | DEATH (CAUSED BY CANCER) |   |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### IV.   CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ✓ | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ✓ | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ✓ | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| ✓ | IV | NEGLIGENCE – FAILURE TO WARN |
| ✓ | V | NEGLIGENT PRODUCT DESIGN |
| ✓ | VI | NEGLIGENT MANUFACTURING |
| ✓ | VII | GENERAL NEGLIGENCE |
| ✓ | VIII | NEGLIGENT MISREPRESENTATION |
| ✓ | IX | BREACH OF EXPRESS WARRANTIES |
| ✓ | X | BREACH OF IMPLIED WARRANTIES |
| ✓ | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below:  Consolidated Laws of New York, Article 22-A, § 349 |

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
|  |  |  |
| ✓ | XII | UNJUST ENRICHMENT |
|  | XIII | LOSS OF CONSORTIUM |
|  | XIV | SURVIVAL ACTION |
|  | XV | WRONGFUL DEATH |
|  | XVI | OTHER: |
|  | XVII | OTHER: |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

_____
_____
_____

## V.   JURY DEMAND

14. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

By: */s/ Lawana S. Wichman*
Lawana S. Wichman, #53999-MO
James G. Onder, #38049-MO
Onder Law, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
(314) 963-9000 Telephone
(314) 963-1700 Facsimile
onder@onderlaw.com
wichmann@onderlaw.com